UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYREEK WILLIS,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, YAUDY FERNANDEZ and LAWRENCE GAYLORD,

                Defendants.

JURY TRIAL DEMANDED

Civil Action No.: CV 14-00968 (JG) (JO)

**THIRD AMENDED VERIFIED COMPLAINT**

**TYREEK WILLIS** ("Plaintiff"), by his attorneys, THE LAW OFFICE OF BRYAN J. SWERLING, P.C. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for monetary damages (compensatory and punitive) against defendant municipality, THE CITY OF NEW YORK (hereinafter referred to as "CITY"), the defendant, YAUDY FERNANDEZ (hereinafter referred to as "FERNANDEZ"), LAWRENCE GAYLORD (hereinafter referred to as "GAYLORD"), police officers of defendants CITY, who participated in excessive force, assault, battery, violating the civil rights of plaintiff, filing of false reports regarding and false imprisonment of plaintiff, and who caused personal injuries to the plaintiff.

2. It is alleged that on February 23, 2011, at approximately 11:30 pm., and thereafter, officers FERNANDEZ and GAYLORD, of the NYPD, and as agents, servants and/or employees of defendant CITY, acting in concert, under color of state laws,

intentionally and willfully subjected plaintiff to assault, battery, excessive force, violating the civil rights of plaintiff, and personal injuries.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367(a), in that it alleges claims for relief arising under 42 U.S.C. 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York.

4. Additionally, the Court has pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

5. Venue is laid within the United States District Court for the Eastern District of New York and is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of this district or, in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times hereinafter mentioned, plaintiff was and is a citizen of the United States and at all times relevant hereto resided in the County of Queens, in the State of New York.

7. At all times relevant and material herein, the defendant CITY was and still is a domestic municipal corporation and a subdivision of the State of New York, duly

organized and existing pursuant to the Constitution and under and by virtue of the Laws of the State of New York.

8. At all times relevant and material herein, the defendant NYPD was a subdivision, department or agency of defendant CITY.

9. At all times relevant and material herein, the defendant FERNANDEZ was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

10. At all times relevant and material herein, the defendant FERNANDEZ was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

11. At all times relevant and material herein, the defendant GAYLORD was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

12. At all times relevant and material herein, the defendant GAYLORD was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and

business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

13. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY and the State of New York.

## FACTUAL ALLEGATIONS

14. At all times relevant and material herein, the defendant CITY operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

15. At all times relevant and material herein, the defendants FERNANDEZ and GAYLORD were each employees of the Police Department of the City of New York.

16. At all times relevant and material herein, the defendants FERNANDEZ and GAYLORD were personnel of the Police Department of the City of New York.

17. That at all times hereinafter mentioned and upon information and belief, the defendant CITY employed and supervised the defendants FERNANDEZ and GAYLORD.

18. Upon information and belief, the defendants FERNANDEZ and GAYLORD were graduates of the Police Academy of the City of New York.

19. At all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, FERNANDEZ and GAYLORD, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk

of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

20. In addition, at all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers FERNANDEZ and GAYLORD, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

21. At all times hereinafter mentioned, upon information and belief, the defendants FERNANDEZ and GAYLORD were acting in their capacities as employees, agents or servants of the defendant CITY.

22. At all times hereinafter mentioned, the defendants FERNANDEZ and GAYLORD were acting under color of law.

23. At all times hereinafter mentioned, the defendants' acts constituted state action.

24. At approximately 11:00 p.m., on or about February 23, 2011, plaintiff was at or near the Transit District 33, 2399 Fulton Street, Brooklyn, New York 11233.

25. Additionally, on or about February 23, 2011, the defendants FERNANDEZ and GAYLORD were on duty and/or acting as employees, agents or servants of the defendant CITY, and were also present at the same time and in the same place as plaintiff, as aforesaid.

26. Upon information and belief, at all times herein mentioned, at the time of the incident, Plaintiff had already been arrested and detained, and was being held at the Transit District 33 precinct, located at 2399 Fulton Street, Brooklyn, New York 11233.

27. Upon information and belief, at all times herein mentioned, plaintiff had his handcuffs removed by a police officer and was asked to walk up to a desk to get fingerprinted.

28. Upon information and belief, at all times herein mentioned, plaintiff was then battered, assaulted, and choked by defendants FERNANDEZ and GAYLORD, members of the NYPD.

29. Upon information and belief, at all times herein mentioned, defendants FERNANDEZ and GAYLORD, employees of defendant CITY, detained, attacked, beat, choked, battered, intimidated, kicked, threatened, menaced, chased, jumped on, pushed to the ground, thrashed plaintiff, and further assaulted plaintiff, causing him to sustain severe and personal injuries.

30. In addition to the defendants' willful and intentional attack upon plaintiff, the defendants intentionally held and restrained plaintiff without his consent.

31. Upon information and belief, at all times herein mentioned, defendants FERNANDEZ and GAYLORD, employees of defendant CITY, used excessive force and deadly physical force upon the plaintiff, thereby causing him to sustain severe and permanent injuries.

32. Upon information and belief, at all times herein mentioned, defendants FERNANDEZ and GAYLORD, employees of defendant CITY, while acting in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the plaintiff of his liberty, against the will of the plaintiff.

33. Defendants acted maliciously and intentionally.

34. All of the defendants' acts described in the preceding paragraphs were without just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

35. By reason of the foregoing acts by the defendants, as a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain.

36. By reason of the foregoing acts by the defendants, plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

37. By reason of the foregoing, plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar expenses.

38. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the officers including the manner in which they assaulted, battered, attacked and falsely arrested him.

39. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST CLAIM FOR RELIEF
## AGAINST INDIVIDUAL DEFENDANTS

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

40. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "39", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

41. The defendants, acting in concert and under the color of law, have deprived plaintiff of civil, constitutional and statutory rights by using excessive force on plaintiff and have conspired to deprive plaintiff of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

42. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**SECOND CLAIM FOR RELIEF**
MUNICIPAL LIABILITY AGAINST DEFENDANT CITY FOR
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

43. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "42", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

44. Defendant CITY knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

45. Prior to February 23, 2011, defendant CITY developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in

8

the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

46. Upon information and belief, it was the policy and/or custom of defendant CITY to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by defendants CITY, including, but not limited to incidents where defendants and their supervisors have in the past assaulted and battered individuals, and made, and allowed other fellow police officers and others of its employees to cover up and hide their wrongful conduct.

47. It was the policy and/or custom of defendants CITY to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendant CITY did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

48. As a result of the above described policies and/or customs, police officers of the NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the defendant CITY to the constitutional rights of persons within the City of New York, and were the cause of the violations of plaintiff's rights alleged herein.

50. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### THIRD CLAIM FOR RELIEF
UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "50", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

52. By their conduct, defendants CITY, FERNANDEZ and GAYLORD, under color of law, deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

53. Plaintiff claims damages for the injuries set forth above.

### FOURTH CLAIM FOR RELIEF
DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT
WHILE IN CUSTODY

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "53", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

55. By their conduct and under color of law, defendants CITY, FERNANDEZ and GAYLORD deprived plaintiff of his constitutional right to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiff demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiff is a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated:   New York, New York
         August 5, 2014

Yours, etc.,

THE LAW OFFICE OF BRYAN J. SWERLING, P.C.
Attorneys for Plaintiff

_____
By: Bryan J. Swerling (BS 5447)
15 Maiden Lane, Suite 2005
New York, New York 10038-4369
Tel.: (212) 571-5757