| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | FOR ONLINE PUBLICATION |
|---|---|

| TYREEK WILLIS, | MEMORANDUM |
|---|---|
| Plaintiff, | AND ORDER |
| - versus - | 14-CV-968 |
| CITY OF NEW YORK, YAUDY FERNANDEZ, AND LAWRENCE GAYLORD | |
| Defendants. | |

A P P E A R A N C E S:

    LAW OFFICES OF BRYAN J. SWERLING
        150 Broadway
        14th Floor
        New York, NY 10038
    By:    Bryan Joshua Swerling
        *Attorneys for Plaintiff*

    ZACHARY W. CARTER
    Corporation Counsel of the City of New York
        100 Church Street
        3-158C
        New York, NY 10007
    By:    Jennifer L. Koduru
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Tyreek Willis brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against New York City (the "City") and New York City Police Officers Yaudy Fernandez and Lawrence Gaylord, alleging that defendants violated his civil rights while he was detained at the Transit District 33 Police Precinct on February 23, 2011. Defendants have moved under Federal Rule of

Civil Procedure 12(b)(6) to dismiss all of Willis's claims except his claim of excessive force. For the reasons that follow, the motion is granted.

BACKGROUND

A. *Factual Allegations*

Willis alleges the following facts, which I accept as true for the purposes of deciding this motion. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

On February 23, 2011, at approximately 11:00 p.m., Willis was being held at the Transit District 33 Police Precinct in Brooklyn. Third Am. Compl. ¶¶ 24, 26, ECF No. 22. At some point while being detained at the precinct, Willis's handcuffs were removed and he was asked by a police officer to walk up to a desk to be fingerprinted. *Id.* ¶ 27. After his handcuffs were removed, Willis was "attacked, beat, choked, battered, intimidated, kicked, threatened, menaced, chased, jumped on, pushed to the ground, thrashed . . . and further assaulted" by Fernandez and Gaylord. *Id.* ¶ 29. Willis claims that this attack was totally unprovoked and that it caused him "severe and permanent injuries." *Id.* ¶ 31.

According to Willis, the defendants also "deprived [him] of his constitutional right to immediate medical treatment and failed to protect him once he became a prisoner . . . ." *Id.* ¶ 55. Willis alleges that the City either knew or should have known about their employees' "propensity to engage in the[se] illegal and wrongful acts," *id.* ¶ 44, and that the City has a "policy and/or custom" to "improperly and inadequately investigate citizen and other complaints of police misconduct," *Id.* ¶ 46, and also a "policy and/or custom . . . to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases . . . ." *Id.* ¶ 47.

B. *Procedural History*

Willis filed the complaint on February 12, 2014, asserting claims under 42 U.S.C. §§ 1983 and 1985 for excessive force, municipal liability, delay and denial of medical treatment, and failure to protect while in custody. Willis has amended the complaint twice, once on February 20, 2014, and most recently on August 7, 2014. On July 16, 2014, defendants filed the instant motion to dismiss all of Willis's claims except the excessive force claim.[1] Oral argument was held on September 12, 2014.

DISCUSSION

A. *The Standard of Review*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above a speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (A complaint that contains only

---

[1] Willis filed the Third Amended Complaint after defendants had filed their motion to dismiss. The Third Amended Complaint added a named defendant but did not otherwise amend the claims alleged in the Second Amended Complaint. By letter dated August 11, 2014, defendants requested that the Court consider their then-pending motion to dismiss to address the Third Amended Complaint. *See* Letter, Aug. 1, 2014, ECF No. 24.

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.").

B. *Analysis*

1. *Municipal Liability*

Defendants argue that the Third Amended Complaint fails to allege facts sufficient to plausibly support an inference that a municipal policy or custom existed that caused the constitutional violations Willis alleges. I agree.

In *Monell v. Dep't of Social Servs.*, the Supreme Court held that in certain instances a municipality may be held liable for the tortious conduct of its employees. 436 U.S. 658 (1977). However, "governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988); *see also Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("A municipality may not be held liable . . . solely because it employs a tortfeasor."). In short, "[e]stablishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality." *Askins v. Doe No. 1*, 727 F.3d 248 (2d Cir. 2013).

While Willis alleges the existence of such a custom and/or policy, the allegations are the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that do not suffice to support a claim under *Iqbal* and *Twombly's* plausibility standard. *See Iqbal*, 556 U.S. at 678. Indeed, the kind of allegations at issue here were frequently denied as insufficient at the Rule 12(b)(6) stage even before *Iqbal* and *Twombly*. *See, e.g., Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("The mere assertion . . .

that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Formulaic legal conclusions are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 678, and alleging the existence of a municipal policy or custom based on a single incident, "especially if [the incident] involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." *Dwares*, 985 F.2d at 100.

Because the factual allegations in Willis's complaint do not support a plausible inference of a municipal custom or policy that caused his alleged constitutional injuries, defendants' motion to dismiss Willis's claim for municipal liability is granted.

2. *Delay and Denial of Medical Treatment*

Defendants next argue that Willis's claim for delay and denial of medical treatment also lacks supporting factual allegations and must be dismissed for failing to meet the pleading requirements of *Iqbal* and *Twombly*.

"To state a claim under § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, a plaintiff must show that the defendant acted with 'deliberate indifference to serious medical needs.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). In other words, a plaintiff must allege that "he suffered from an objectively serious medical condition, which the defendants knew of and deliberately disregarded." *Green v. Senkowski*, 100 F.App'x 45, 46 (2d Cir. 2004) (summary order) (citing *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998)). A "serious medical condition" has been defined as "a condition of urgency, one that may produce death,

degeneration, or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1994) (internal quotation omitted).

Willis's complaint lacks specific factual allegations to support this claim. The complaint fails to offer any non-conclusory allegations regarding the injuries Willis suffered, whether he requested medical treatment, or whether medical treatment was ever provided. Nor does it allege facts that would permit an inference that defendants acted with a sufficiently culpable state of mind. The only allegations supporting this claim are "labels and conclusions" paired with "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. Accordingly, defendants' motion to dismiss this claim is granted.

3. *Failure to Protect*

Finally, defendants argue that Willis's claim for a failure to protect while in custody also lacks sufficient supporting factual allegations to state a claim. Again, I agree.

The Eighth Amendment requires that prison officials "provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care[;] and take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). To state a § 1983 claim for failure to protect, a plaintiff must show that while in custody he was deprived of "the minimal civilized measure of life's necessities" and, like a claim for denial or delay of medical treatment, that the official causing this deprivation acted with "deliberate indifference" to the plaintiff's needs. *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991); *see also Hathaway*, 99 F.3d at 553 ("[T]he charged official must act with a sufficiently culpable state of mind.").

With regard to this claim, Willis's complaint alleges only that defendants "deprived plaintiff of his constitutional right to immediate medical treatment and failed to protect

him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering." Third Am. Compl. ¶ 55, ECF No. 22. As discussed above, this sort of bare conclusory statement, absent factual allegations to support the claim, is insufficient to state a claim under *Iqbal* and *Twombly*. As such, defendants' motion to dismiss this claim is granted.

CONCLUSION

For the reasons stated above, defendants' motion to dismiss all of Willis's claims except for the excessive force claim is granted. If Willis wishes to reassert one or more of the dismissed claims with additional supporting factual allegations, he is granted leave to amend the complaint by October 3, 2014.

So ordered.


John Gleeson, U.S.D.J.

Dated: September 12, 2014
       Brooklyn, New York